**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case Number 06-cr-00217-PSF

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MICHAEL ROMERO,**

Defendant.

---

**MOTION TO DISCLOSE IDENTITY OF INFORMANTS
(WITH AUTHORITIES)**

---

The Defendant, Michael Romero, by and through his attorneys, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., hereby moves this Honorable Court for the entry of an Order requiring the Government to disclose to the Defendant, in advance of Trial, the matters, or classes of matters, and all information or documents pertaining thereto, as are hereinafter set forth. Further, he requests that the Government affirm or deny the existence of the discovery sought herein to avoid confusion regarding whether a document exists and has not been disclosed or that a document exists and has been overlooked.

The Defendant requests that he be allowed to inspect and copy the following:

1.    Defendant requests the Government to disclose the identity and whereabouts of confidential Government informant whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation.

This request encompasses any informant:

A.    who was an eyewitness to any of the offenses charged in the indictment;

B.        who was participant in any of the offenses charged in the indictment;

C.        whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the indictment; or

D.        who provided information which resulted in the targeting of any of the Defendants in the investigation.

**AS GROUNDS THEREFORE**, the Defendant states as follows:

Disclosure of the informer's identity is required if the identity of the informant would be relevant or helpful to the defense, or essential to a fair determination of the cause. *Roviaro v. United States*, 353 U.S. 53 (1957).

Only the Government has knowledge of the status of a confidential informant within categories A, B, C, and D above. While the disclosure of the identity of such informants can usually not be required in the absence of a special showing by the Defendant that the Defendant needs the testimony of the informant for some purpose, voluntary disclosure by the Government should be encouraged for fundamental fairness, and to avoid a deprivation of due process of law to the Defendant. *United States v. Opager,* 589 F.2d 799, 804-06 (5th Cir. 1979).

While a witness is free to refuse a Defendant's request for an interview, it is a "different matter for the Government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." *U.S. v. Fischel,* 686 F.2d 1082, 1092 (5th Cir. 1982). Witnesses are the property of neither party and both parties ought to have equal access. Gregory v. U.S., 369 F.2d 185, 188 (D.C. Cir. 1966).

**WHEREFORE,** Defendant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

**DATED THIS 17th DAY OF JULY, 2006.**

Respectfully submitted,
s/Harvey A. Steinberg
Attorney for Michael Romero
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, I electronically filed the foregoing **MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITIES)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Boma**
Email: jim.boma@usdoj.gov

s/Brenda Cruz
For Harvey A. Steinberg
Attorney for Michael Romero
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com