IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY MOTION
### (Docket Entry # 20)

---

The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby responds as follows to the defendant's discovery motion:

1.    Rule 16 of the Federal Rules of Criminal Procedure governs discovery in federal criminal cases.  This rule requires the Government to disclose to the defendant the defendant's own statements, the defendant's prior criminal record, documents and objects which may be used as evidence, and certain examination and test reports.

2.    Pursuant to Rule 16(a)(1)(A) and (B), Federal Rules of Criminal Procedure, the Government has provided the defendant with his own written or oral statements.  These statement are summarized and reflected in the Pueblo Police Department Reports served in discovery in this matter.  Other officers' reports have been requested and will be provided as early Jencks Act disclosures in a supplemental discovery response.

3. Defendant has been provided with his own prior criminal record as required by Rule 16(a)(1)(D).

4. The Government may seek to admit at trial any evidentiary items described or referred to in the materials disclosed pursuant to the pretrial discovery process. The Government will permit defense counsel to examine any documents or tangible objects within the purview of Rule 16(a)(1)(E), Federal Rules of Criminal Procedure.

5. It is well accepted that an agent's interview notes are not "statements" of the witness under *Jencks*, unless the witness has signed or otherwise adopted or approved the notes, *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990), and such notes are not subject to the *Jencks* Act discovery rules. *United States v. O'Malley*, 796 F.2d 891, 900 (7th Cir. 1986).

6. Rule 16(a)(2) clearly states that internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case are not discoverable.

7. The Government has provided the disclosure of reports or conclusions of scientific tests or analysis pursuant to Rule 16(a)(1)(F). The Government will disclose written summaries of any testimony it intends to offer under Rules 702, 703 or 705 of the Federal Rules of Evidence, including the witnesses' qualifications, as required under Federal Rule of Criminal Procedure 16(a)(1)(G). In this case, the only expert witness identified thus far in this investigation is a DEA Forensic Chemist who examined the drugs seized from this defendant's residence during January, 2003. The drugs seized on May 31, 2006, are awaiting forensic analysis at CBI's laboratory in

Pueblo, Colorado, and the results of this testing will be provided upon receipt in a supplemental discovery response. *Curricula vitae* for these witnesses and summaries of the bases upon which these experts formed his expert opinions will be provided in a supplemental discovery response.

8. The Government opposes the defendant's request for the disclosure of prospective Government witnesses. Neither Rule 16, Fed. R. Crim. P., nor *Brady v. Maryland*, 373 U.S. 83 (1963) requires this disclosure. In any event, defense counsel should know virtually all of the witnesses the Government intends to call from an examination of the discovery provided. The time for production of the Government's list of witnesses is governed by the court's pre-trial procedures, and the list will be provided in accordance with the Court's procedures in that regard.

9. Fed. R. Crim. P. Rule 16(a)(2) does not authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided under 18 U.S.C. § 3500. The Government is not obliged to produce Grand Jury exhibits or transcripts under this rule. Grand Jury transcripts of trial witnesses will be disclosed as required by *Jencks*, *Brady* and Fed. R. Crim. P. Rule 16, or pursuant to court order. In this instance, the DEA agent who testified before the Grand Jury is not anticipated to be a trial witness in this matter as that agent was not personally involved in the Pueblo Police Department's investigation in this matter.

10. The *Jencks* Act prohibits the pre-trial discovery of statements made by prospective Government witnesses. *United States v. Smaldone*, 544 F.2d 456, 461 (10th Cir. 1976), *cert. denied*, 430 U.S. 967 (1977). Under the *Jencks* Act, the

Government cannot be compelled to produce statements or reports of a Government witness until that witness has testified on direct examination in trial. *In Re United States*, 834 F.2d 283, 287 (2nd Cir. 1987); *United States v. George*, 778 F.2d 556, 562 (10th Cir. 1985). If any inconsistent statements of Government witnesses exist, they will be turned over well in advance of trial.

      11.     The defendant has requested the criminal record of any witness to be called by the government or of any individual who has cooperated or provided information leading to the filing of charges. Reports of witnesses' criminal records, if such exist, will be disclosed. The "rap" sheets, if they exist, will be turned over prior to trial. Evidence of prior acts, not resulting in a conviction are inadmissible under Fed. R. Evid. 608(b) and therefore need not be disclosed. Without an accompanying conviction, arrests or indictments are not admissible evidence for impeachment purposes under Rule 609 or 608(b). *United States v. Ruedlinger*, 1996 WL 699686, *7 (D. Kan. 1996). Consequently, such records of arrests or contacts with the judicial system, other than convictions, are not material under *Brady*. *Id*. *See United States v. Walton*, 602 F.2d 1176, 1180 (4th Cir. 1979) (Under Fed. R. Evid. 608(b) specific instances of conduct of a witness other than criminal convictions, may not be proved by extrinsic evidence.)

      12.     The defendant has requested information concerning agreements with the informants in this case and information relating to informants. The Government states that a confidential informant was used during this investigation, but that information was corroborated extensively by other independent evidence as set forth in the affidavits in support of the applications for the two search warrants in this case. Moreover, that

informant will not testify as a Government witness at trial. At a hearing to suppress the fruits of the search warrant executed on January 8, 2003, the defense may cross-examine the testifying affiant regarding the informant's reliability and credibility. Therefore, this request is moot. Further, there are no cooperating defendants in this one defendant investigation.

13.     *Brady v. Maryland*, 373 U.S. 83 (1963), requires the disclosure of exculpatory evidence; *Giglio v. United States*, 405 U.S. 150 (1972), requires disclosure of information which might be used to impeach government witnesses; and the *Jencks* Act, 18 U.S.C. § 3500 requires the disclosure of witness statements following a witness's direct examination. *Giglio* and *Jencks* material are not required to be disclosed prior to trial. However, the Government would note that it is unaware of any such evidence at this time.

14.     "Under Rule 16, the defendant cannot rely on conclusory allegations or on a general description of the requested information, but must make a prima facie showing of materiality to obtain the requested information." *United States v. King*, 928 F. Supp. 1059, 1061 (D. Kansas 1996). To be material for purposes of Rule 16, the evidence must have more than an abstract logical relationship to the issues and there must be some indication that pretrial disclosure would enable the defendant significantly to alter the amount of proof in his favor. *Id.* (citations omitted).

15.     For evidence to be material under *Brady*, there must be a reasonable probability that if the evidence were disclosed to the defendant, the result of the proceeding would be different. *Id.* at 1062. *Brady* does not grant criminal defendants

unfettered access to government files.  *United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988).

16.     During the discovery process, the Government must disclose evidence that might be used to impeach Government witnesses.  *United States v. Beverly*, 913 F.2d 337, 349 (7th Cir. 1990), *cert. denied*, 498 U.S. 1052 (1991).  The Government is fully cognizant of its obligation as delineated in *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972) and will endeavor to comply with its obligation to provide evidence that is exculpatory in nature, in mitigation of sentence, or that would impeach a witness on a material issue.

17.     When requesting *Brady* material, the defendant has the burden of proving that the evidence is both favorable and material.  *United States v. Anderson,* 31 F. Supp. 2d 933, 939 (D. Kan. 1998).  When applying the materiality standard before trial, it is appropriate to focus on (1) whether the court's current view of the evidence leads it to believe there is a reasonable probability the information will affect the outcome, and (2) whether the defense request is sufficiently specific.  *Id*. at 940.  The mere possibility that an item of information might help the defense or might affect the outcome of trial does not establish materiality in the Constitutional sense.  *United States v. Kennedy*, 819 F. Supp. 1510, 1519 (D. Colo.), *aff'd*, 994 F.2d 747 (10th Cir. 1993).

18.     Defendant has requested reports relative to his stop, contact and arrest.  These reports were disclosed as part of the discovery in this case.  Defendant has requested a copy of any Miranda advisement or waiver.  A copy of the summary of this

defendant's statements to law enforcement officers following his advisement and the circumstances pertaining to his verbal advisement and verbal waiver of his constitutional warnings has been or will be provided.

19.     The Government objects to any compliance beyond that required of it under the law set forth herein. The Government is fully aware of its responsibilities under Rule 16, *Brady, Agurs, Giglio*, and *Jencks*, and will comply in a complete and timely manner.

Respectfully submitted this 25th day of July, 2006,

>WILLIAM J. LEONE
>United States Attorney
>
>By:   *s/ James R. Boma*
>JAMES R. BOMA
>Assistant United States Attorney
>U.S. Attorney's Office
>1225 17th Street, Suite 700
>Denver, CO 80202
>Telephone: (303) 454-0100
>FAX: (303) 454-0401
>E-mail: james.boma@usdoj.gov
>Attorney for Government

## CERTIFICATE OF SERVICE

       I hereby certify that on this 28th day of July, 2006, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Harvey Abe Steinberg**
law@springer-and-steinberg.com
bcruz@springer-and-steinberg.com

                                        *s/ Diana L. Brown*
                                        DIANA BROWN
                                        Legal Assistant
                                        U.S. Attorney's Office
                                        1225 17th Street, Suite 700
                                        Denver, CO 80202
                                        Telephone: (303) 454-0100
                                        FAX: (303) 454-0401
                                        E-mail: diana.brown@usdoj.gov