IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS (DOCKET ENTRY #25)

The United States of America (hereinafter the "Government), by its undersigned Assistant United States Attorney, responds as follows in opposition to the defendant's above-referenced motion:

    1.    Defendant requests that this Court suppress the statements he gave at the time of his arrest.

    2.    The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amend. V. The now-familiar procedural safeguards established in *Miranda* protect an accused's Fifth Amendment privilege against self-incrimination during custodial interrogation. *See Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Prior to custodial interrogation, the subject must be informed that: he has the right to remain silent; anything said can and will be used against him in court; he has the right to consult with counsel prior to questioning, and to have counsel present at the interrogation; and if he cannot afford an attorney, one will

be appointed. *Miranda v. Arizona*, 384 U.S. 436, 468-70 (1966). And, "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id*. at 473-74. Likewise, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present." *Id*. at 474.

3. In order to find that a statement or confession is involuntary, some type of coercive police behavior is necessary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). "[V]oluntariness depends upon an assessment of the 'totality of all the surrounding circumstances,' including 'both the characteristics of the accused and the details of the interrogation.'" *United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987), *cert. denied*, 488 U.S. 983 (1988), quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). Other factors to be considered include; the age, intelligence and education of the individual being questioned, whether he was advised of his constitutional rights, the length of the detention and interrogation, the length and nature of the questioning, and whether the individual was subjected to or threatened with physical punishment. *United States v. Lugo*, 170 F.3d 996, 1004 (10th Cir. 1999). To make a statement involuntary, police must somehow overreach by exploiting a weakness of condition known to exist. *United States v. Robertson*, 19 F.3d 1318, 1321 (10th Cir.), *cert. denied*, 513 U.S. 906 (1994).

4. Here this defendant was properly advised of his *Miranda* rights verbally by one of the Pueblo Police Department officers involved in his arrest on or about May 31, 2006. He was not threatened or coerced into making statements. He understood his

rights and make a knowing and voluntary waiver of those rights when he chose to respond to the officer(s)' questions. Therefore, the statements should not be suppressed.

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted this 25th day of July, 2006,

> WILLIAM J. LEONE
> United States Attorney
>
> By:   s/ James R. Boma
>       JAMES R. BOMA
>       Assistant United States Attorney
>       U.S. Attorney's Office
>       1225 17th Street, Suite 700
>       Denver, CO 80202
>       Telephone: (303) 454-0100
>       FAX: (303) 454-0401
>       E-mail: james.boma@usdoj.gov
>       Attorney for Government

## CERTIFICATE OF SERVICE

       I hereby certify that on this 25th day of July, 2006, I electronically filed the foregoing  **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Harvey Abe Steinberg**
law@springer-and-steinberg.com
bcruz@springer-and-steinberg.com

                                                  *s/ Diana L. Brown*
                                                  DIANA L. BROWN
                                                  U.S. Attorney's Office
                                                  1225 17th Street, Suite 700
                                                  Denver, CO 80202
                                                  Telephone: (303) 454-0100
                                                  FAX: (303) 454-0401
                                                  E-mail: diana.brown@usdoj.gov