IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH
OF 1603 OGDEN AVENUE PROPERTY (Docket Entry #24)**

---

    The United States of America (hereinafter the "Government), by its undersigned Assistant United States Attorney, responds as follows in opposition to the defendant's above-referenced motion:

    1.    Defendant requests that the Court suppress evidence seized from the search of a residence at 1603 Ogden Avenue, Pueblo, Colorado. 2200 Market Street, Unit 230, Denver, Colorado.  He argues that there was no probable cause to support the warrant.  He further claims that information in the affidavit was stale and therefore invalid.  Beyond conclusory allegations, the defendant makes no factual, let alone a *prima facie*, showing that the affidavit in support of the search warrant for the above-referenced residence is not supported by probable cause.  The affidavit and subsequent search warrant issued pursuant thereto are in no manner deficient.

    2.    The exclusionary rule excludes from a criminal trial any evidence seized from a defendant in violation of his Fourth Amendment rights.  *Alderman v. United*

*States*, 394 U.S. 165, 171 (1969).  Fruits of such evidence are excluded as well.  *Id*.  In order to challenge a search on Fourth Amendment grounds, a defendant must demonstrate that he personally had an expectation of privacy in the place searched and that his expectation is reasonable.  *Minnesota v. Carter*, 525 U.S. 83, 88 (1998).  An expectation of privacy is reasonable if it arises from a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.  *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978).  Given that the defendant resided at the residence located at 1603 Ogden Avenue, Pueblo, Colorado, the Government agrees that the defendant had a reasonable expectation of privacy at that residence and, therefore, possesses standing to contest the search.  However, the factual showing presented to the Court falls far short and defendant conveniently and disingenuously fails to set forth other critical facts set forth in the affidavit in support of the application for the search warrant here.

   3. The law recognizes a strong preference for warrants, and a search conducted pursuant to a warrant is presumptively valid.  *United States v. Ventresca*, 380 U.S. 102 (1965); *see United States v. Leon*, 468 U.S. 897 (1984).  The search of the residence at 1603 Ogden Avenue, Pueblo, Colorado, was conducted pursuant to a search warrant issued by a Pueblo County District Court judge.  A judge's determination of probable cause should be given "great deference."  *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988).  The burden of overcoming the presumption of regularity associated with a search pursuant to a warrant rests with the party seeking relief.  *United States v. Peveto*, 881 F.2d 844, 850-51 (10th Cir.), *cert. denied*, 493 U.S. 943 (1989).

      4.      Defendant has not met his burden of overcoming the presumption of regularity. The defendant claims that probable cause was lacking to support a search warrant. A review of the affidavit in support of the search warrant shows that there was sufficient information to support a finding of probable cause for the search warrant issued. *Illinois v. Gates*, 462 U.S. 213 (1983). A "fair probability" that evidence of a crime will be found at a particular place is all that is required in an affidavit for a search warrant. *Id.* at 238; *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986). The affidavit contained sufficient information to establish probable cause.

      5.      Defendant further claims that warrant was based on stale information.

> [P]robable cause to search cannot be based on stale information that no longer suggests that the item sought will be found in the place to be searched. While it is true that the timeliness of the information contained in the affidavit is an important variable, probable cause is not determined simply by counting the number of days between the facts relied on and the issuance of the warrant. Rather, whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. Thus, where the property sought is likely to remain in one place for a long time, probable cause may be found even though there was a substantial delay between the occurrence of the event relied upon and the issuance of the warrant. By the same token, where the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical.

*Id.* at 983-84. Here, this defendant was suspected of continuous and ongoing drug activity. Ongoing and continuous activity makes the passage of time less critical when judging staleness of information upon which a search warrant is based. *United States v. Mathis*, 357 F.3d 1200, 1207 (10th Cir. 2004). The affidavit referred to events occurring on January 6, 2003, and the search warrant was sought and obtained two day later, on January 8, 2003. The affidavit also recites that this informant had proven

reliable in the past and had provided information leading to the arrest of numerous drug dealers in the Pueblo, Colorado community.   Two other informants provided information on April 15, 2000, and March 30, 2001, that this defendant was selling cocaine and also that he using his used car lot as a cover or "front" to conceal his drug trafficking activities.   A criminal history check revealed that this defendant had made several sales of cocaine to a Colorado Springs Metro Narcotics Unit officer leading to his arrest and prosecution in that jurisdiction during 1989.  Finally, the criminal history check revealed that this defendant had been arrested on March 8, 1996, and charged with Possession of Methamphetamine with Intent to distribute.  The Government respectfully submits that the information in the affidavit is accurate and compelled and, further that the information was not stale.  **See** the Application and Affidavit for Search Warrant and the Search Warrant for the residence, both attached hereto and specifically incorporated herein by reference as **Government's Exhibit 1.  See also** the Reports dealing with the execution of the search warrant and items of drug and non-drug evidence seized, attached hereto and specifically incorporated herein by reference as **Government's Exhibit 2.**

      6.   In the event that the Court finds that there was insufficient information in the warrant to establish probable cause, the officers and agents who executed the search warrant had a good faith belief that the warrant was valid and acted within the scope of the warrant during its execution.  Therefore, if the court finds there is not probable cause to support the warrant, the "good faith exception" to the exclusionary rule would be applicable.  *United States v. Leon*, 468 U.S. 897 (1984).  Where officers

act with "objectively reasonable reliance" on a facially valid search warrant, evidence should not be suppressed. *United States v. Moland*, 996 F.2d 259 (10th Cir. 1993), *cert. denied*, 510 U.S. 1057 (1994).

7.  As shown above, the warrant and affidavit sufficiently established probable cause. Further, the officers correctly relied on the validity of this warrant. Finally, and in the alternative, the officers relied in good faith and objectively and reasonably relied upon a facially valid search warrant

WHEREFORE, the motion to suppress should be denied.

Respectfully submitted this 25th day of July, 2006,

        WILLIAM J. LEONE
        United States Attorney

By:  *s/ James R. Boma*
     JAMES R. BOMA
     Assistant United States Attorney
     U.S. Attorney's Office
     1225 17th Street, Suite 700
     Denver, CO 80202
     Telephone: (303) 454-0100
     FAX: (303) 454-0401
     E-mail: james.boma@usdoj.gov
     Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2006, I electronically filed the foregoing  **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF 1603 OGDEN AVENUE PROPERTY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Harvey Abe Steinberg**
law@springer-and-steinberg.com
bcruz@springer-and-steinberg.com


*s/ Diana L. Brown*
DIANA L. BROWN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0401
E-mail: diana.brown@usdoj.gov