06-12179

IN THE COUNTY/DISTRICT COURT IN AND FOR
THE COUNTY OF PUEBLO AND STATE OF COLORADO

Criminal Action Number_____
Division_____

STATE OF COLORADO ) APPLICATION AND AFFIDAVIT
                    ) ss.         FOR
COUNTY OF PUEBLO )    SEARCH WARRANT

The undersigned, being first duly sworn, upon oath, deposes and says:

1. That this affidavit is made in support of an application for a Search Warrant to search the following premises, person(s), motor vehicle or things(s), to-wit:

1200 20th Lane, which is a two family duplex positioned at the intersection of 20th Lane and Hillside Road with the northern most half of the duplex bearing the address of 1200, all outbuildings and surrounding curtilage, Cynthia Jean Aguilar (date of birth 02-22-64), and all persons present during the execution of this search warrant, now located within Pueblo County, Colorado.

This search warrant also seeks permission to search any and all vehicles, which can be linked to the aforementioned persons, who are contacted at the residence of 1200 20th Lane during the execution of this search warrant. The nexus of vehicle use and possession will be demonstrated by paperwork, vehicle keys, investigative interviews, proximity to the residence to be searched, and other issues of proof which tend to show that such vehicles belong to, were occupied by, or are in care, custody and control by aforementioned persons.

2. That the person(s), property, motor vehicle or thing(s) to be searched for, and seized if found (Mark "X" according to fact):

( ) Is stolen or embezzled;
    AND/OR
(X) Is designed or intended for use as a means of committing a criminal offense;
    or is or has been so used;
    AND/OR
(X) Is illegal to possess;
    AND/OR
(X) Would be material evidence in a subsequent criminal prosecution.

3. The property or things to be searched for are:

A Controlled Substance (COCAINE) as defined in Colorado Revised Statutes 18-18-204 and 18-18-405, as amended, together with such vessels, implements and furniture in which such

000077

06-12179

drugs are found, and the vessels, implements, and furniture used in connection with the personal property tending to establish the identity of persons in control of contraband, related paraphernalia, consisting in part and including, but not limited to, utility company receipts rent receipts financial records, canceled mail envelopes, photographs, keys and monies related to the foregoing illegal activities.

4. That additional facts submitted for this application are set out in an accompanying attachment incorporated herein by reference and made a part hereof as though fully set out herein, and designed as "Attachment A".

NOW, THEREFORE, the undersigned Applicant moves this Court for the issuance of a Search Warrant for the address and location named or described above for the search and seizure of the above-described person(s), property, motor vehicle, or thing(s).

_____
Michael J. Simonich

The foregoing application and affidavit was subscribed and sworn to or affirmed before me this 26th day of May, A.D. 2006.

BY THE COURT:

_____
JUDGE

000078

**EXHIBIT A**

Case No. 1:06-cr-00217-WYD   Document 43-1   filed 08/10/06   USDC Colorado   pg 3 of 9

06-12179

ATTACHMENT "A"

The facts establishing grounds for the issuance of a search warrant, and showing probable cause to believe they exist, are as follows:

Affiant herein, Michael J. Simonich, being first duly sworn upon his oath, deposes and states as follows:

Affiant is and was at all material times herein employed as a Detective for the Special Investigations Division-Narcotic Unit of the City of Pueblo, Colorado, Police Department.

All events and locations mentioned in this affidavit are located in Pueblo County, Colorado unless other wise described.

Your Affiant, Michael Simonich, has been a Peace officer for over thirteen years. Your Affiant is currently employed by the Pueblo Police Department, and has been so employed for more than eight years. Prior to being employed by the Pueblo Police Department, your Affiant was employed as a Detention Deputy by the Pueblo County Sheriff Department for approximately five years, and conducted numerous narcotics investigations within the Pueblo County Jail. Your Affiant is currently assigned to the Special Investigations Division of the Pueblo Police Department as a Narcotics Detective, and has been so assigned for approximately six years. Your Affiant has learned through experience and training from the United States Department of Justice - Drug Enforcement Administration the detection, identification, methods used for packaging illegal drugs for sale, the manufacture of illegal drugs, and testing of illegal drugs, including cocaine.

Your Affiant has interviewed hundreds of informants, victims, witnesses, and suspects in hundreds of narcotics investigations, and examined hundreds of pieces of narcotic evidence. Your Affiant has combined the skills and experience outlined in the preceding statement and used this experience to evaluate evidence and statements, and ultimately, in solving crimes. Your Affiant has prepared and executed numerous Search Warrants and has testified on numerous occasions as a Narcotics Detective in other narcotics related cases in Federal, District, County, and Municipal Courts.

Through training and experience your Affiant has learned that cocaine is a high volume drug and is easily disposed of. Drug dealers/users will often package cocaine in small plastic or paper packages and conceal the illegal drug on their person. Concealing the drug on ones person allows the drug dealer/user to readily sell the drug and in the event of detection, will allow the dealer/user to dispose of the drug in a sink or toilet or by swallowing it. Drug dealers/users will often conceal their drugs in vehicles to further facilitate sale and distribution of those drugs by making deliveries in vehicles. Drug dealer/user vehicles are also a safe location for the drug dealer/user to hide their drugs from other dealers/users and Police.

Within one month prior to the presentation of this Application and Affidavit for Search Warrant, the Pueblo Police Narcotics Unit received information from a confidential informant

06-12179

who stated that Cynthia Aguilar is selling drugs, and she was living at 424 Acero Avenue.

Within the same one month period mentioned above, Affiant was contacted by a second confidential informant, Herein referred to as CI, who told Affiant that "Cindy" is selling drugs. The CI indicated that the CI was unsure where "Cindy" was living, however she use to live at 424 Acero Avenue.

The CI told Affiant that the CI knows what cocaine is, as the CI has purchased and used cocaine in the past, and knows how it is packaged for sale.

Within the same one-month period mentioned above, Affiant met with the CI for the purpose of making a controlled purchase of cocaine from "Cindy".

The CI was searched for drugs and money, with none being found. The CI was supplied with official Pueblo Police Department funds for the purpose of making the controlled purchase of cocaine from "Cindy".

The Pueblo Police Narcotics Unit established surveillance at a predetermined location, where the CI was to meet with "Cindy" and make the controlled purchase of cocaine.

The CI contacted "Cindy" via telephone and requested a quantity of cocaine to be delivered to the predetermined location where surveillance was established. A short time later a female party arrived at the predetermined location driving a champagne colored Nissan Altima bearing Colorado license plate number 123LPW. A short time later the female party drove away from the CI.

The Pueblo Police Narcotics Unit maintained surveillance on the Nissan Altima until it parked in a garage at 1200 20th Lane.

Affiant met the CI at a pre-determined location where the CI handed Affiant a quantity of cocaine the CI purchased from "Cindy". The CI was once again searched for drugs and money with none being found.

Affiant performed a chemical field test on a portion of the suspected cocaine that was purchased from "Cindy". The results of that chemical field test were positive for the presence of cocaine, a schedule II controlled substance.

At all times during the controlled purchase Affiant and members of the Pueblo Police Narcotics Unit had visual contact with the CI.

Affiant checked the Pueblo, Colorado Polk City Directory and found the 1200 20th Lane did not list to any "Cindy".

Affiant checked Pueblo Police Department computer files to find that there was only one Cynthia Aguilar in the system, which listed to Cynthia Jean Aguilar (date of birth 02-22-64).

06-12179

Affiant obtained a photograph of Cynthia Jean Aguilar (date of birth 02-22-64) from the Colorado Department of Motor Vehicles. Affiant showed the photograph to the CI. At that time the CI positively identified the party in the photograph as being "Cindy", and is the same party who is selling cocaine.

Within the same one-month period mentioned above, Affiant and members of the Pueblo Police Narcotics Unit have conducted surveillance of 1200 20th Lane. During this period of surveillance Affiant and members of the Pueblo Police Narcotics Unit has observed Cynthia Aguilar repeatedly coming and going from 1200 20th Lane throughout the day, and always driving the champagne colored Nissan Altima bearing Colorado license plate number 123LPW. Members of the Pueblo Police Narcotics Unit have also observed Cynthia Aguilar sitting in the yard of 1200 20th Lane during the evening hours.

Within seventy-two (72) hours prior to the presentation of this Application and Affidavit for Search Warrant, Affiant met with the CI for the purpose of making another controlled purchase of cocaine from Cynthia Aguilar.

The CI, and the vehicle the CI would be riding in, was searched for drugs and money, with none being found. The CI was supplied with official Pueblo Police Department funds for the purpose of making the controlled purchase of cocaine from Cynthia Aguilar.

The Pueblo Police Narcotics Unit established surveillance at 1200 20th Lane, as well as a predetermined location, where the CI was to meet with Cynthia Aguilar and make the controlled purchase of cocaine.

The CI contacted Cynthia Aguilar via telephone and requested a quantity of cocaine to be delivered to the predetermined location where surveillance was established. A short time later members of the Pueblo Police Narcotics unit observed Cynthia Aguilar leave 1200 20th Lane driving the same champagne colored Nissan Altima bearing Colorado license plate number 123LPW.

The Pueblo Police Narcotics Unit completely maintained surveillance on Cynthia Aguilar and the Nissan Altima until it arrived at the predetermined location, where Cynthia Aguilar met the CI. Cynthia Aguilar and the Nissan Altima went directly from 1200 20th Lane to the predetermined location without stopping at any other location. Cynthia Aguilar met with the CI for a few moments, then drove away in the Nissan Altima.

A member of the Pueblo Police Narcotics Unit met the CI at a predetermined location where the CI handed the Narcotics Detective the quantity of cocaine the CI purchased from Cynthia Aguilar. The CI was once again searched for drugs and money with none being found.

Affiant performed a chemical field test on a portion of the suspected cocaine that was purchased from Cynthia Aguilar. The results of that chemical field test were positive for the presence of cocaine, a schedule II controlled substance.

000081

06-12179

At all times during the controlled purchase, members of the Pueblo Police Narcotics Unit had visual contact with the CI.

Based on the above information, Affiant requests that a search warrant be issued for 1200 20th Lane, which is a two family duplex positioned at the intersection of 20th Lane and Hillside Road with the northern most half of the duplex bearing the address of 1200, all outbuildings and surrounding curtilage, Cynthia Jean Aguilar (date of birth 02-22-64), and all persons present during the execution of this search warrant.

Affiant also requests permission to search any and all vehicles, which can be linked to the aforementioned persons, who are contacted at the residence of 1200 20th Lane during the execution of this search warrant.

_____
Michael J. Simonich

SUBSCRIBED AND SWORN to before me this 26th day of May, A.D. 2006.

_____
JUDGE

000082

06-12179

IN THE COUNTY/DISTRICT COURT IN AND FOR
THE COUNTY OF PUEBLO AND STATE OF COLORADO

Criminal Proceeding Number_____
Division_____

SEARCH WARRANT

THE PEOPLE OF THE STATE OF COLORADO

TO: ANY PEACE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS IN THE ABOVE NAMED COUNTY, GREETINGS:

WHEREAS, Michael J. Simonich has made an affidavit and complaint for the issuance of a search warrant, and

WHEREAS, the affidavit of the applicant seems proper and it appears that reasonable grounds or probable cause exists for the issuance of a search warrant for the reason(s) marked with an "X" below:

The property to be searched for, and seized if found:

( ) Is stolen or embezzled;
  AND/OR
(X) Is designed or intended for use as a means of committing a criminal offense; or is or has been so used;
  AND/OR
(X) Is illegal to possess;
  AND/OR
(X) Would be material evidence in a subsequent criminal prosecution.

WE THEREFORE COMMAND YOU, with the necessary and proper assistance to search at any time the following premises, person(s), motor vehicle, or thing(s), within the next ten (10) days, to-wit:

1200 20th Lane, which is a two family duplex positioned at the intersection of 20th Lane and Hillside Road with the northern most half of the duplex bearing the address of 1200, all outbuildings and surrounding curtilage, Cynthia Jean Aguilar (date of birth 02-22-64), and all persons present during the execution of this search warrant, now located within Pueblo County, Colorado.

Any and all vehicles, which can be linked to the aforementioned persons, who are contacted at the residence of 1200 20th Lane during the execution of this search warrant.

06-12179

and you will search for the following property or things, to-wit:

A Controlled Substance (COCAINE) as defined in Colorado Revised Statutes 18-18-204 and 18-18-405, as amended, together with such vessels, implements, and furniture in which such drugs are found, and the vessels, implements, and furniture used in connection with the manufacture, production, or dispensing of such drugs, and articles of personal property tending to establish the identity of persons in control of contraband, related paraphernalia, consisting in part and including, but not limited to, utility company receipts, rent receipts, financial records, canceled mail envelopes, photographs, and monies related to the foregoing illegal activities,

and if the same or any part thereof is found, that you seize the goods property and things found and safely keep them until further order of this Court, or until they are admitted into any criminal proceedings conducted by a court of this state; and that you further file a report which inventories the goods and things which were found and seized or reporting that nothing was so found and seized with this Court.

This 26th day of May, A.D. 2006.

BY THE COURT:

_David W. Crockenberg_
JUDGE

000084