IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

1. MICHAEL ANTHONY ROMERO,

　　Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

---

THE UNITED STATES OF AMERICA, by and through its undersigned Assistant U.S. Attorney for the District of Colorado, hereinafter referred to as the Government, and the defendant, MICHAEL ANTHONY ROMERO, hereinafter referred to as the defendant, personally, and by and through his counsel of record, Harvey A. Steinberg, Esquire, submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of D.C.COLO.LCrR11.1:

### I. PLEA AGREEMENT

A.　　The defendant agrees to enter a guilty plea to Counts One and Two of the Indictment returned against him in this matter, charging two violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Possession with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance).



COURT EXHIBIT 1

B. The parties jointly acknowledge that the defendant has expressed the intent to cooperate with the Office of the United States Attorney for the District of Colorado by providing testimony, documents, and other information known to the defendant about the criminal wrongdoing of other persons. The defendant agrees that he shall cooperate fully with the Government by:

(1) providing **truthful** **and** **complete** information and testimony when called upon by the Office of the United States Attorney for the District of Colorado; and

(2) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings as may be required by the Office of the United States Attorney for the District of Colorado.

C. This defendant was recently debriefed or interviewed by agents assigned to this investigation. However, the information conveyed by this defendant has not been fully evaluated as of this date. Therefore, at this time, and assuming continuing complete and truthful cooperation by this defendant, including testimony if he is called by the Government as a witness at trial or other hearings, the Government anticipates filing a motion for sentencing reduction under the provisions of §5K1.1 of the Sentencing Guidelines and under 18 U.S.C. §3553(e), and to recommend a departure of at least 25% off the lowest end of the otherwise applicable Sentencing Guidelines range.

D. The Government agrees with the defendant's request to the Court to be sentenced at the lowest end of the applicable Guidelines range, but reserves full rights to object to the setting of the applicable Guidelines range if the Government is of the opinion that an error has been made by the Probation Department. Finally, the defendant understands and agrees that the Court

may impose any sentence authorized by law and the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

E. This plea agreement is made pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P.

## II. STATUTORY PENALTIES

A. The maximum statutory penalties for the offenses charged in Counts One and Two of the Indictment is not less than 5 years, nor more than 40 years imprisonment, a $2,000,000.00 fine, or both; not less than 4 years supervised release, and a $100.00 special assessment fee as to each count of conviction.

B. The conviction may cause a loss of civil rights, including, but not limited to, the right to possess firearms, to vote, to hold elected office, and to sit on a jury. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

A. The parties stipulate and agree that the Government's evidence at trial would establish the following:

(1) On January 8, 2003, law enforcement officers executed a search warrant at this defendant's residence located at 1603 Ogden Avenue, Pueblo, Colorado, recovering, *inter alia,* **1,523.9 grams** of what was confirmed by a DEA Forensic Chemist to be cocaine hydrochloride. The defendant admits that he possessed this cocaine with the intent to distribute it.

(2) On May 31, 2006, law enforcement officers executed a search warrant at this defendant's residence located at 1200 20th Lane, Pueblo, Colorado, recovering, *inter alia,* **733.62 grams** of what was confirmed by a Colorado Bureau of Investigation (CBI) Forensic Chemist to be cocaine hydrochloride. The defendant admits that he possessed this cocaine with the intent to distribute it.

3

(3) Therefore, the total quantity of controlled substances in this case is **2,257.52 grams or 2.25752 kilograms** of cocaine hydrochloride, a Schedule II controlled substance.

B. With the exception of the stipulations by this defendant as set forth above, the statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes is relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that may be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See 18 U.S.C. §3553(a) and §1B1.4, U.S.S.G.

## IV. SENTENCING COMPUTATION

A. The parties stipulate and agree that the defendant's sentence will be imposed by the Court pursuant to the provisions of Title 18, United States Code, Section 3553, as guided by the Federal Sentencing Guidelines and Policy Statements, promulgated pursuant to Title 28, United States Code, Section 994(1). However, the defendant understands and agrees that the Sentencing Guidelines are advisory in nature and not binding upon the Court. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant understands and agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses. The

defendant understands and agrees that he may not withdraw his plea solely as a result of the sentence imposed.

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' predictions in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under §6B1.4 of the Guidelines:

  (1) The parties stipulate that this defendant should be held accountable for relevant conduct purposes under the provisions of §1B1.3 of the Sentencing Guidelines for the drugs set forth above, that is, **2.25752 kilograms of cocaine hydrochloride**, yielding a drug quantity offense level of **28** under §2D1.1(c)(6) of the Guidelines (At least 2 kilograms, but less than 3.5 kilograms of cocaine).

  (2) The parties stipulate that there are no specific offense characteristics.

  (3) The parties stipulate that there are no victim-related nor obstruction adjustments.

  (4) The parties stipulate that no aggravating nor mitigating role in the offense adjustment applies in this instance.

  (5) The parties stipulate that there should be no career offender nor career livelihood adjustments.

  (6) The Government joins in the defendant's request that he receive the 3 - level acceptance of responsibility decrease under §3E1.1(a) and (b) of the Sentencing Guidelines. If granted by the Court, the adjusted offense level would be **25**.

5

(7) The parties estimate that based upon a review of the defendant's previous arrest and conviction records, he will have at least 3 and possibly as many as 6 criminal history points. Thus, the parties estimate that the defendant will be in Criminal History Category II or III. The parties understand and agree that this estimate regarding the defendant's Criminal history category is a projection, and that the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. Finally, the defendant understands and agrees that this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category.

## GUIDELINES PREDICTION

D. The Guidelines' sentencing range for the counts of conviction resulting from an offense level of 25, Criminal History Category II or III, is a term of imprisonment of 63-78 or 70-87 months, respectively. For the information of this defendant, the resulting Sentencing Guidelines sentencing range for an offense level of 25, Criminal History Categories I-VI, is 57-137 months. As stated above, at this time, and assuming continuing complete and truthful cooperation by this defendant, including testimony if he is called by the Government as a witness at trial or other hearings, the Government anticipates filing a motion for sentencing reduction under the provisions of §5K1.1 of the Sentencing Guidelines and under 18 U.S.C. §3553(e), and to recommend a departure of at least 25% off the lowest end of the otherwise applicable Sentencing Guidelines range. However, if the Government were to file such a motion, the Court is under no obligation to grant the motion nor to accept the Government's sentencing reduction recommendation. Finally, the defendant understands and agrees that if the anticipated sentencing reduction motion were to be denied by the Court, the statutory mandatory minimum sentence is 5 years or 60 months as to each count of conviction.

E.  Pursuant to §5E1.2 of the Sentencing Guidelines, the range of the fine for offense level 25 for the offenses of conviction would be $10,000 to $2,000,000, respectively, as to each count of conviction.

F.  In addition, the defendant is subject to the imposition of a term of supervised release of not less than 4 years and a mandatory special assessment of $100.00 per count, for a total assessment of $200.00.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

A.  The parties believe that the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed; that the stipulated facts by the parties take into account all pertinent sentencing factors with respect to this defendant; and that the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

B.  This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the United States nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Respectfully submitted,

Date: 11-3-06                By: _____
                                 MICHAEL ANTHONY ROMERO
                                 DEFENDANT

Date: 11-3-06                By: _____ For
                                 HARVEY A. STEINBERG, ESQUIRE
                                 ATTORNEY FOR DEFENDANT

Date: 3 November 2006        By: _____
                                 JAMES R. BOMA
                                 ASSISTANT UNITED STATES ATTORNEY